IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEONDRAY RAYMOND MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-CV-111-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS

This matter comes before the undersigned upon review of the Complaint, (ECF 3), as required by 28 U.S.C. § 1915A. That statute requires courts to, as soon as practicable, review complaints filed in civil cases by prisoners who have no paid the filing fee. Courts are to dismiss complaints that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A complaint lacks an arguable basis in law or fact when the allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Plaintiff's Complaint, as well as other submitted documents, are illegible and unintelligible such that no identifiable argument can be discerned from them. Accordingly, this matter must be dismissed.

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of the United States Magistrate Judge to the United States District Judge that the Complaint, (ECF 3), be dismissed with prejudice for failure to state a claim upon which relief can be granted and, consequently, lack of jurisdiction. It

is further recommended that this matter be considered a strike within the meaning of 28 U.S.C. § 1915(g).

Such a strike shall be considered the third strike Plaintiff has accrued. *See* No. 2:23-CV-093 (N.D. Tex. Amarillo Division) (dismissed on July 18, 2023; adoption pending); No. 6:20-CV-570 (E.D. Tex. Tyler Division) (dismissed on September 23, 2021 for failure to state a claim, no appeal taken).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on July 18, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).